STATE of Wisconsin, Plaintiff-Respondent,

v.

Jeffrey J. GOLDEN, Defendant-Appellant.†

Court of Appeals

*No. 92–2041–CR. Submitted on briefs September 8, 1993.—Decided June 7, 1994.*

(Also reported in 519 N.W.2d 659.)

†Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *Marla J. Stephens*, assistant public defender, of Milwaukee.

For the plaintiff-respondent the cause was submitted on the briefs of *James A. Doyle*, attorney general, and *Michael R. Klos*, assistant attorney general.

Before Sullivan, Fine and Schudson, JJ.

SCHUDSON, J.   Jeffrey Golden appeals from a judgment of conviction, following a jury trial, for first-degree intentional homicide, party to a crime, and from an order denying his post-conviction motion seeking dismissal.

Golden raises two issues on appeal. First, he argues that the trial court lost "competency" to proceed as the result of a seven-day delay during which he was in continuous custody between his warrantless arrest

and a probable cause determination. Second, he contends that he was denied effective assistance of counsel because of his trial counsel's failure to request a dismissal based upon his seven-day detention. We reject Golden's arguments and affirm.

Jeffrey Golden turned himself in to the police on May 22, 1990, one day after the drive-by shooting of Todd Norman. A complaint based on the statements of witnesses and his co-defendant was issued May 25, 1990, charging Golden as a party to the crime of first-degree intentional homicide of Norman. Golden remained in custody from May 22 to May 29 when he was brought before a court commissioner for an initial appearance. The commissioner determined that there was probable cause to hold Golden for further proceedings. On June 8, 1990, at a hearing on his motion challenging the sufficiency of the complaint, Golden orally raised the issue challenging the seven-day delay between his arrest and the probable cause determination. The court commissioner, however, declined to address the issue.

A jury convicted Golden of first-degree intentional homicide, party to a crime, and he was sentenced to life in prison on October 16, 1991. Golden filed a post-conviction motion seeking a new trial or reversal of his conviction contending, among other things, that the trial court lost competency over the case and that his trial counsel was ineffective for failing to seek dismissal of the charge based on the delay between his arrest and the probable cause determination. The trial court denied Golden's motion.

## I. THE RIVERSIDE VIOLATION

Golden asserts that the trial court lost competency to exercise subject matter jurisdiction by failing to

make a probable cause determination within 48 hours of his arrest. He contends, therefore, that the appropriate remedy is to vacate the judgment of conviction and remand with directions to dismiss with prejudice. We disagree.

Section 970.01, STATS., states:

> (1) Any person who is arrested shall be taken within a reasonable time before a judge in the county in which the offense was alleged to have been committed. . . .
> (2) When a person is arrested without a warrant and brought before a judge, a complaint shall be filed forthwith.

As the Wisconsin Supreme Court recently noted, § 970.01, STATS., "does not provide for a specific time frame in which this appearance must take place." *State v. Koch*, 175 Wis. 2d 684, 696, 499 N.W.2d 152, 159 (1993). In *County of Riverside v. McLaughlin*, 500 U.S. 44, 111 S. Ct. 1661 (1991), however, the United States Supreme Court stated that following a warrantless arrest, there must be a probable cause determination within 48 hours,[1] *Id.*, 111 S. Ct. at 1670, and in *Koch*, the Wisconsin Supreme Court concluded "that the *Riverside* 48-hour rule is applicable in Wisconsin." 175 Wis. 2d at 696, 499 N.W.2d at 159. *Riverside*, however, did not establish a procedural framework for when and how states must provide the probable cause determination but, instead, allowed "states to combine probable cause determinations with other pre-trial proceedings, so long as the [probable cause] determination is made

---

[1] The *Riverside* 48-hour requirement applies retroactively to the case before us. *See Powell v. Nevada*, 114 S. Ct. 1280, 128 L.Ed.2d 1 (1994); *State v. Koch*, 175 Wis. 2d 684, 694, 499 N.W.2d 152, 158 (1993).

promptly within 48 hours." 175 Wis. 2d at 697, 499 N.W.2d at 159. Moreover, neither *Riverside* nor *Koch* determined whether dismissal with prejudice can be the remedy for a violation of the 48-hour rule.

■

Probable cause existing at the time of arrest does not dissipate during the time of detention, irrespective of whether the probable cause determination was unreasonably delayed. *Koch*, 175 Wis. 2d at 699, 499 N.W.2d at 160. The appropriate remedy for a *Riverside* violation may be suppression of evidence that is obtained as a result of the violation—*i.e.*, after the point at which the delay became unreasonable.[2] *See id.*, 175 Wis. 2d at 699-700, 499 N.W.2d at 160; *see also State v. Smith*, 131 Wis. 2d 220, 236-240, 388 N.W.2d 601, 608-610 (1986). A *Riverside* violation, however, is not a jurisdictional defect causing a trial court to lose competency over the case. Therefore, we conclude that dismissal with prejudice or the voiding of a subsequent conviction is not required as the remedy for a *Riverside* violation unless the delay resulted from a deliberate *Riverside* violation producing prejudice to the defendant's ability to prepare a defense. In this case, Golden has not claimed that the delay prejudiced his ability to prepare a defense and, therefore, dismissal is not appropriate.

## II.  INEFFECTIVE ASSISTANCE OF COUNSEL

Golden also claims that he received ineffective assistance of counsel because of his attorney's failure to

---

[2] Golden does not point to any evidence obtained as a result of the unreasonable delay which was used to secure his conviction.

request dismissal based on the *Riverside* violation. We reject this argument as well.

Whether or not counsel's assistance was ineffective requires the application of the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *State v. Pitsch*, 124 Wis. 2d 628, 633, 369 N.W.2d 711, 714 (1985). The first prong requires the defendant to show that counsel's performance was deficient. *Id.* The second prong requires the defendant to show that the deficient performance prejudiced the defense such that the result of the trial cannot be said to be reliable. *Id.* at 640-641, 369 N.W.2d at 718. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland*, 466 U.S. at 687. Additionally, if a defendant fails to sufficiently demonstrate one prong, we need not review the other prong. *See id.* at 697.

A claim of ineffective assistance of counsel presents a mixed question of law and fact. *Pitsch*, 124 Wis. 2d at 633-634, 369 N.W.2d at 714. This court will not reverse the lower court's findings of fact unless they are shown to be clearly erroneous. *Id.* at 634, 369 N.W.2d at 714. Whether the counsel's assistance was ineffective and whether counsel's behavior was prejudicial is a question of law, which we review without deference to the trial court. *Id.* at 634, 369 N.W.2d at 715.

To show prejudice, the defendant must show that any deficiencies in counsel's performance "had an adverse effect on the defense." *Strickland*, 466 U.S. at 693. "An error by counsel, even if professionally unrea-

sonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. "The defendant must show that there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *Pitsch*, 124 Wis. 2d at 641-642, 369 N.W.2d at 718-719.

In this case, trial counsel's failure to move for dismissal did not prejudice Golden's defense. If counsel had brought a motion to dismiss with prejudice, absent a deliberate violation producing prejudice, the motion properly would have been denied. Thus, counsel's failure to bring such a motion did not result in any prejudice to Golden. Therefore, because Golden has failed to satisfy the prejudice prong of the analysis, he has not established ineffective assistance of counsel. Accordingly, we affirm.

*By the Court.*—Judgment and order affirmed.