State of Wisconsin, Plaintiff-Respondent,
v.
Paul S. Ineichen, Defendant-Appellant.
No. 04-2241-CR.
Court of Appeals of Wisconsin.
Opinion Filed: February 9, 2005.
¶1 NETTESHEIM, J.[1]
Paul S. Ineichen appeals from a judgment of conviction for disorderly conduct pursuant to WIS. STAT. § 947.01 and an order denying his motion for postconviction relief claiming ineffective assistance of trial counsel. Ineichen's appellate issues are limited to his claims of ineffective assistance of counsel. We reject his arguments and affirm the judgment and postconviction order.

FACTS AND PROCEDURAL HISTORY
¶2 The parties' briefs do not dispute the essential facts as established at the jury trial. We limit our recital of those facts to those that are germane to the appellate issues.
¶3 On May 10, 2003, at approximately 12:45 a.m., the Town of Bristol Fire Department, including its fire chief, Peter Parker, responded to a call of a "large grass fire near a building." Two other fire departments also responded. Upon arrival, Parker observed not a grass fire, but a bonfire about twenty feet in length with flames reaching about six to eight feet into the air. The fire was not out of control. The smoke from the fire suggested to Parker that some of the combustion material might be petroleum. Parker also noticed that asphalt shingles and plastic buckets and pails were burning or were remnants of some of the burnt material. Parker testified that the burning of such materials is prohibited by both local ordinance and regulations issued by the Department of Natural Resources (DNR). Parker was responsible for issuing burning permits in the Town of Bristol and he had not issued a burning permit for the fire. Moreover, Parker could not have issued a permit for the fire because of the plastic combustion material.
¶4 A number of people, including a person later identified as Ineichen, were watching the bonfire when the fire fighters arrived. All appeared to have been drinking. Ineichen, without identifying himself, told Parker that he was the owner of the property. Because the fire personnel were unable to get to the fire because Ineichen's truck was blocking the way, Parker asked Ineichen to move his truck or have someone move the truck for him. Ineichen refused, told Parker to issue him a ticket for an illegal fire, and then ordered the fire fighters leave his premises. Parker refused and instead summoned the Kenosha County Sheriff's Department for assistance.
¶5 Kenosha County Deputy Sheriff Allen Morris responded. He made contact with Ineichen and asked him to identify himself. Ineichen refused and told Morris to arrest him. Morris detected a strong order of intoxicants on Ineichen's breath. Noting that Ineichen was becoming agitated, Morris handcuffed him. Another officer who had arrived at the scene also asked Ineichen to identify himself. Again Ineichen refused.
¶6 Later, Ineichen's wife identified Ineichen to Morris. At this time, Ineichen was yelling and screaming loudly, including the use of obscenities. When both Ineichen's wife and another person offered to move Ineichen's truck to allow the fire fighters access to the fire, Ineichen forbid both from doing so. Morris then arrested Ineichen.[2]
¶7 The criminal complaint charged two counts against Ineichen: intentionally obstructing fire fighters in the performance of their duties pursuant to WIS. STAT. § 941.37(2) and disorderly conduct pursuant to WIS. STAT. § 947.01. Ineichen pled not guilty and the matter was tried to a jury. The jury found Ineichen not guilty of the obstructing charge, but guilty of disorderly conduct.
¶8 Postconviction, Ineichen contended that his trial counsel was ineffective in two respects: (1) failing to bring a motion to suppress based upon a claim of an illegal warrantless arrest and (2) failure to seek dismissal of the disorderly conduct charge on the basis of protected speech under the First Amendment to the Federal Constitution. The trial court heard arguments of counsel on Ineichen's motion, but did not take evidence on the motion. At the conclusion of the hearing, the court denied the motion. Ineichen appeals.

DISCUSSION

1. Introduction
¶9 We begin by making some observations regarding the sufficiency of Ineichen's postconviction motion. As noted, the trial court denied Ineichen's postconviction motion without conducting an evidentiary hearing. If a postconviction motion on its face alleges facts that would entitle the defendant to relief, the circuit court has no discretion and must hold an evidentiary hearing. State v. Bentley, 201 Wis. 2d 303, 310, 548 N.W.2d 50 (1996). Whether the motion alleges facts which, if true, would entitle a defendant to relief is a question of law that we review de novo. Id. If the motion fails to allege sufficient facts, the circuit court has the discretion to deny the motion without a hearing. Id. at 310-11. A defendant may not rely on conclusory allegations, hoping to supplement them at a later hearing. Id. at 313.
¶10 We have serious doubts that Ineichen's postconviction motion passes muster under Bentley as to the two claims of ineffective assistance of counsel. As to trial counsel's failure to bring a motion to suppress, the motion merely alleges in conclusory terms that the entry onto Ineichen's property by the fire fighters and the police was in violation of Ineichen's Fourth Amendment rights. As to trial counsel's failure to seek dismissal of the disorderly conduct charge based on Ineichen's First Amendment rights, we first observe that Ineichen's claim on appeal is not that counsel failed to move for dismissal, but rather that he failed to seek a jury instruction on the law of privilege under the First Amendment. So Ineichen's appellate claim on this issue is likely waived. However, even overlooking this possible waiver, we observe that this allegation is similarly stated in conclusory terms. However, we choose not to decide this case on these potential grounds. Instead, we choose to move to the merits.
¶11 At the hearing in the trial court, the parties debated the motion on the basis of the evidence that had been presented at the jury trial, and the trial court decided the motion on the basis of that information. The parties cite to this same evidence on appeal. We therefore will address Ineichen's appeal in the same fashion.
¶12 We begin by setting out the test for measuring trial counsel's performance and our standard of review of that question. To prevail on a claim of ineffective assistance of counsel, the defendant must establish that trial counsel's performance was deficient and that such performance prejudiced the defense. State v. McDowell, 2004 WI 70, ¶30, 272 Wis. 2d 488, 681 N.W.2d 500, cert. denied, 125 S. Ct. 327 (U.S. Wis. Oct. 12, 2004) (No. 04-6147). Appellate review of an ineffective assistance of counsel claim presents a mixed question of fact and law. Id., ¶31. We will not disturb the circuit court's finding of fact unless clearly erroneous; however, the ultimate question of whether counsel's performance fell below the constitutional minimum is a question of law subject to independent appellate review. Id.

2. Ineffective Assistance of Counsel[3]

Failure to Bring a Motion To Suppress
¶13 Ineichen's first claim is that trial counsel was ineffective because he did not file a motion to suppress the evidence obtained by the police following their entry onto Ineichen's property. Ineichen contends that the police did not have any grounds for an arrest, much less a warrantless arrest, because the arrest occurred within the protected curtilage of his property and the only offense he had committed was a forfeiture violation for failing to obtain a burning permit for the bonfire.[4] Ineichen argues under Welsh v. Wisconsin, 466 U.S. 740 (1984), that, absent an arrest warrant or exigent circumstances, an arrest for a minor offense is per se unreasonable.
¶14 However in developing this argument, Ineichen is inconsistent. At times, he argues that the fire fighters' entry onto his property was illegal. At other times, he argues that the continued presence of the fire fighters on his property after he ordered them to leave was illegal. We summarily reject the former and we decide this case based on the latter. Ineichen does not dispute that the fire fighters entered upon his property in response to a call of a "large grass fire near a building."[5] Although he, at times, argues that this entry was illegal, he never explains why this is so. The fire fighters clearly had the right, indeed the duty, to respond to the call. Therefore, as noted, we decide this issue on the basis of Ineichen's remaining argumentthat the fire fighters were obliged to comply with his order to leave his property.
¶15 Ineichen argues under Welsh that the fire fighters were obliged to comply with his directive that they leave his premises because the only offense he had committed was a forfeiture violation for failing to obtain a permit for the bonfire. Had the fire fighters complied with his directive, Ineichen reasons that the sheriff's department would not have been later summoned and the ensuing events, including any alleged obstruction of the fire fighters, would not have occurred.
¶16 In Welsh, the police went to Welsh's home in response to a citizen report that Welsh had operated a motor vehicle while intoxicated (OWI). Welsh, 466 U.S. at 742. The police were admitted to the home by Welsh's stepdaughter, and they then proceeded into an upstairs bedroom where they found Welsh and arrested him for OWI. Id. at 743. The United States Supreme Court held that before the police may invade the sanctity of the home, they must show exigent circumstances that overcome the presumption of unreasonableness that attaches to all warrantless home entries. Id. at 750. The Court further held that when the state's interest is to arrest for only a minor offense,[6] the presumption of unreasonableness is difficult to rebut and that the State should first procure an arrest warrant. Id. On that basis, the Court held that Welsh's arrest was illegal. Id. at 754.
¶17 This is not a Welsh case for two reasons. First, as we have already noted, the fire fighters' initial entry onto Ineichen's property was in response to a report of a fire. WISCONSIN STAT. § 213.095(3) expressly authorizes a fire chief to enter upon any property in the course of performing the chief's duties relating to extinguishing a fire.[7] Unlike Welsh, the fire fighters' entry here was in response to a fire call; it was not the product of any suspicion of illegal activity by Ineichen or anyone else. Second, the statute permits fire fighter entry "to do whatever may reasonably be necessary in the performance of the officer's duties while engaging in the work of extinguishing any fire." Sec. 213.095(3) (emphasis added). Thus, the statute authorizes a fire fighters' continued presence on the property. No such law, statutory or otherwise, existed to support the police conduct in Welsh.
¶18 In summary, despite Ineichen's ownership interest in the property, that interest did not make him the de facto fire chief, empowered to make professional judgments as to how the fire scene should be handled. Nor did his ownership interest empower him to order fire department personnel, legitimately on his property in the first instance, to leave the scene of the fire. Thus, the police were entitled to arrest Ineichen when his disorderly conduct obstructed the fire fighters' efforts to deal with the fire. WISCONSIN STAT. § 968.07 authorizes a police officer to make a warrantless arrest when the officer has reasonable grounds to believe that the person is committing or has committed a crime. Unlike Welsh, here the crime was committed in the very presence of the police.
¶19 Because the fire fighters lawfully entered Ineichen's property and lawfully remained on the premises, a motion to suppress the evidence would have been fruitless. A lawyer is not ineffective for failing to bring a motion that would have been denied. See State v. Golden, 185 Wis. 2d 763, 771, 519 N.W.2d 659 (Ct. App. 1994).

Failure to Request a First Amendment Jury Instruction
¶20 Ineichen also argues that trial counsel was ineffective for failing to request a jury instruction allowing the jury to consider whether Ineichen's alleged disorderly conduct was privileged under the First Amendment. Specifically, Ineichen argues, "the jury should have been permitted to decide whether Mr. Ineichen's behavior constituted a true threat in light of his first amendment right to express his displeasure against what he perceived to be misuse of governmental authority on his property." In support, Ineichen relies on cases where the defendants had spoken threats, or engaged in threatening conduct. State v. Perkins, 2001 WI 46, 243 Wis. 2d 141, 626 N.W.2d 762 (threat against a judge); Watts v. United States, 394 U.S. 705 (1969) (threat against the President of the United States); R.A.V. v. City of St. Paul, 505 U.S. 377 (1992) (burning of a cross placed on the property of a black family).
¶21 We fail to see the relevance of these cases. Ineichen's speech and conduct, while disorderly, threatened no one. Rather, the State's theory of prosecution was that Ineichen's conduct tended to cause a disturbance. And cause a disturbance it did, even to the point of interfering with the fire fighters' ability to gain closer and immediate access to the fire.[8]
¶22 Ineichen argues that he had a First Amendment right to express his displeasure to the authorities. However, Ineichen's conduct and statements constituted more than a mere expression of displeasure. His comments created a disturbance and frustrated the fire fighters in the performance of their duties. First Amendment rights, although cherished and inalienable, still know their limits. "[I]t is well understood that the right of free speech is not absolute at all times and under all circumstances." State v. Zwicker, 41 Wis. 2d 497, 510, 164 N.W.2d 512 (1969) (quoting Chaplinsky v. New Hampshire, 315 U.S. 568, 571 (1942)). Just as one is not privileged under the First Amendment to yell "fire" in a crowded theater, Ineichen was not permitted under the First Amendment to create a disturbance and to interfere with the fire fighters' duties.
¶23 We recognize that when considering a defendant's request for a jury instruction, the evidence must be reasonably viewed in a light favorable to the accused. State v. Schuman, 226 Wis. 2d 398, 403, 595 N.W.2d 86 (Ct. App. 1999). However, a court is justified in declining to give a jury instruction that is not reasonably required by the evidence. Id. Here, no reasonable reading of the evidence would allow that Ineichen's speech fell within the penumbra of the First Amendment. The giving of such an instruction under the facts of this case would have taken the jury into the realm of speculation and invited confusion or distraction. See Milwaukee & Suburban Transp. Corp. v. Milwaukee County, 82 Wis. 2d 420, 447, 263 Wis. 2d 503 (1978). As such, it would have been error for the trial court to give a jury instruction introducing First Amendment considerations into this case. It thus follows that trial counsel was not ineffective for failing to seek such an instruction. See Golden, 185 Wis. 2d at 771.

CONCLUSION
¶24 We hold that trial counsel was not ineffective for failing to file a motion to suppress and for failing to seek a jury instruction based on the privileges conferred by the First Amendment. We affirm the judgment of conviction and the order denying Ineichen's postconviction motion.
By the Court.  Judgment and order affirmed.
NOTES
[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2003-04). All references to the Wisconsin Statutes are to the 2003-04 version unless otherwise noted.
[2] Ineichen did not testify. However, he did present the testimony of his wife and others who were present at the bonfire who stated that they did not observe Ineichen engage in any conduct that could be construed as disorderly or obstructive. We do not recite the details of this evidence since Ineichen does not challenge the sufficiency of the evidence to support his conviction for disorderly conduct. Moreover, this evidence does not bear upon Ineichen's appellate claims of ineffective assistance of counsel.
[3] The State has filed a motion to strike that portion of Ineichen's reply brief that complains that the trial court failed to conduct an evidentiary hearing on Ineichen's motion claiming ineffective assistance of counsel. The State's motion is well taken since Ineichen's brief-in-chief did not raise this issue. However, we need not address the motion to strike since we hold that the facts of this case would not have supported either a motion to suppress or a request for a jury instruction based on the First Amendment.
[4] Much of Ineichen's brief-in-chief attempts to persuade that the episode occurred within the protected curtilage. The State takes no issue with this argument, and therefore we accept Ineichen's premise.
[5] The evidence at the jury trial did not establish the source of the call.
[6] The offense at issue in Welsh was a first time OWI, a civil forfeiture offense. Welsh v. Wisconsin, 466 U.S. 740, 754 (1984).
[7] The fire chief's authority under WIS. STAT. § 213.095 extends to fire fighters. See State v. Milashoski, 163 Wis. 2d 72, 84, 471 N.W.2d 42 (1991).
[8] The facts supporting the disorderly conduct charge were very much caught up with the facts supporting the accompanying charge of obstructing a fire fighter. This does not present any double jeopardy problem because double jeopardy law does not prevent a single course of conduct from being broken down into its component parts, each of which constitutes a separate offense. See State v. Sauceda, 168 Wis. 2d 486, 492-93, 485 N.W.2d 1 (1992). To determine whether the State has legitimately broken down a single course of conduct into multiple offenses, the test set forth in Blockburger v. United States, 284 U.S. 299 (1932), requires that each charged offense require proof of an element or fact that the other does not. Sauceda, 168 Wis. 2d at 493 n.8. A comparison of the elements of disorderly conduct and obstructing a fire fighter reveals that the elements of both crimes are different.