PER CURIAM.
¶1 Antonio Herrera-Ortiz, pro se , appeals a judgment convicting him of one count of repeated sexual assault of the same child. He also appeals an order denying his postconviction motion. Herrera-Ortiz argues: (1) the circuit court committed plain error when it allowed the State to orally amend the information during trial; (2) the circuit court's jury instructions constituted plain error; (3) he is entitled to an evidentiary hearing on his claim of ineffective assistance of trial counsel; and (4) there is a clerical error in the judgment of conviction. We affirm the judgment and order, but remand to the clerk of circuit court to correct the clerical error in the judgment of conviction.
¶2 After a jury trial, Herrera-Ortiz was found guilty of one count of repeated sexual assault of the same child, one count of exposing his genitals to a child, two counts of incest with a child, and two counts of fourth-degree sexual assault. On appeal, Herrera-Ortiz challenges only his conviction for repeated sexual assault of the same child. The assaults began on approximately August 16, 2006, when the victim was nine years old and continued on a nearly daily basis until approximately March 31, 2012. Herrera-Ortiz moved for postconviction relief. The circuit court denied his motion without a hearing.
¶3 Herrera-Ortiz first argues that the circuit court committed plain error during trial when it allowed the State to orally amend the information, with the acquiescence of defense counsel, because the information incorrectly listed the crime as a violation of WIS. STAT. § 948.025(1)(b) (2017-18),[1] rather than § 948.025(1)(e). "The plain error doctrine allows appellate courts to review errors that were otherwise waived by a party's failure to object." State v. Jorgensen , 2008 WI 60, ¶21, 310 Wis. 2d 138, 754 N.W.2d 77. A "plain error" is a substantial error that is "so fundamental that a new trial or other relief must be granted even though the action was not objected to at the time." Id. (citation and one set of quotation marks omitted).
¶4 The Wisconsin statutes allow a circuit court to orally amend an information during trial to correct an error. See WIS. STAT. § 971.31(8) (the circuit court may order an amendment curing a mistake or an error in an information). The statutes also provide that an information is not invalidated by a defect in matters of form that does not prejudice the defendant. See WIS. STAT. § 971.26. Here, the amended information did not charge an entirely new crime; both WIS. STAT. § 948.025(1)(b) and § 948.025(1)(e) criminalize "[e]ngaging in repeated acts of sexual assault of the same child." The two crimes differ only in type of proof required and the potential penalties.
¶5 The crime listed in the information at the start of trial, WIS. STAT. § 948.025(1)(b), is a class B felony that carried with it a maximum period of imprisonment of sixty years and required proof that the defendant committed at least three acts of first-degree sexual assault of the same child.[2] Subsection (1)(e) is a class C felony that carried with it a maximum period of imprisonment of fifty years and required proof that the defendant committed at least three acts of a combination of first-degree and second-degree sexual assault of the same child.[3] Because the amendment did not change the crime that Herrera-Ortiz was accused of committing-repeatedly sexually assaulting the same child-the amendment did not unfairly require him to defend against new charges. See State v. Flakes , 140 Wis. 2d 411, 419, 410 N.W.2d 614 (Ct. App. 1987) ("The purpose of a charging document is to inform the defendant of the acts he allegedly committed and to allow him to understand the offense charged so that he can prepare a defense.").
¶6 Moreover, Herrera-Ortiz has not shown that he was prejudiced. See WIS. STAT. § 971.26. Herrera-Ortiz does not explain how or why his trial strategy would have been different if the information had not been amended. The victim claimed that Herrera-Ortiz assaulted her nearly every day for years when she was between the ages of nine and sixteen. Herrera-Ortiz's defense was that he never had any sexual contact whatsoever with the victim. The age of the victim at the time of the assault and, thus, whether the crime was classified as first-degree or second-degree sexual assault, had no bearing on Herrera-Ortiz's defense. Therefore, Herrera-Ortiz's defense was not prejudiced. The circuit court did not err when it permitted the State to amend the information.
¶7 Herrera-Ortiz next argues that the circuit court committed plain error when it instructed the jury regarding the charge of repeated sexual assault of the same child because the court's oral instructions to the jury cited the wrong statute number. The Wisconsin statutes provide that any error in the proposed jury instructions or verdict is waived by failing to object. See WIS. STAT. § 805.13(3). Moreover, where an objection was not preserved, this court does not have the power to review jury instructions for plain error under the common law. State v. Schumacher , 144 Wis. 2d 388, 409-10, 424 N.W.2d 672 (1988) (unobjected to jury instruction errors may be addressed only by the Wisconsin Supreme Court). Therefore, we will not consider this argument.
¶8 Herrera-Ortiz next argues that he is entitled to a postconviction motion hearing on his claim that he received ineffective assistance of trial counsel. "A motion claiming ineffective assistance of counsel does not automatically trigger a right to a [postconviction] testimonial hearing." State v. Phillips , 2009 WI App 179, ¶17, 322 Wis. 2d 576, 778 N.W.2d 157. "[N]o hearing is required ... if the defendant presents only conclusory allegations or subjective opinions, or if the record conclusively demonstrates that he or she is not entitled to relief." Id.
¶9 First, Herrera-Ortiz argues that his attorney provided ineffective assistance by failing to object to the amended information. As we previously explained, the circuit court did not err when it amended the information. If counsel had objected, the motion would have been denied. Counsel's failure to object therefore did not prejudice Herrera-Ortiz. See State v. Golden , 185 Wis. 2d 763, 771, 519 N.W.2d 659 (Ct. App. 1994) (a claim of ineffective assistance of counsel fails where the defendant cannot show that he or she was prejudiced).
¶10 Second, Herrera-Ortiz argues that his attorney provided ineffective assistance by failing to object when the circuit court's oral instructions to the jury included an incorrect statutory cite. However, Herrera-Ortiz has not explained how he was prejudiced by the circuit court's error. The circuit court's instruction was substantively correct-the court informed the jury that the State had to prove that Herrera-Ortiz had sexual contact with the victim on three or more occasions while she was under the age of sixteen. Because Herrera-Ortiz has not explained why the result of the proceeding would have been different if counsel had objected to this minor error in the instructions, the circuit court was not required to hold a hearing before denying Herrera-Ortiz's motion. See Phillips , 322 Wis. 2d 576, ¶17 (a hearing is not required if the defendant presents only conclusory allegations).
¶11 Finally, Herrera-Ortiz argues that there is a clerical error in the judgment of conviction because it states that he was convicted of violating WIS. STAT. § 948.025(1)(b), but the record clearly establishes that he was convicted of violating § 948.025(1)(e). The State concedes this point. Therefore, we remand with directions to the clerk of the circuit court to amend the judgment of conviction to reflect that Herrera-Ortiz was convicted of WIS. STAT. § 948.025(1)(e), not § 948.025(1)(b). See WIS. CT. APP. IOP VI(5)(j) (Nov. 30, 2009).
By the Court. -Judgment and order affirmed and cause remanded with directions.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

A person who has sexual contact or sexual intercourse with a person who has not attained the age of thirteen years and causes great bodily harm to the person is guilty of first-degree sexual assault of a child. See Wis. Stat. § 948.02(1)(am).

A person who has sexual contact or sexual intercourse with a person who has not attained the age of sixteen years is guilty of second-degree sexual assault of a child. See Wis. Stat. § 948.02(2).