COURT OF APPEALS

DECISION

DATED AND FILED

January 14, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP1345-CR**

Cir. Ct. No. **2015CF366**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

HECTOR M. MARTIN-ANDRADE,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Milwaukee County: ELLEN R. BROSTROM and JEFFREY A. WAGNER, Judges.[1] *Affirmed.*

---

[1] The Honorable Ellen R. Brostrom presided at trial and sentencing and entered the judgment of conviction. The Honorable Jeffrey A. Wagner presided over postconviction proceedings and entered the order denying Martin-Andrade's postconviction motion. We will refer to Judge Brostrom as the circuit court and to Judge Wagner as the postconviction court.

Before Brash, P.J., Kessler and Reilly, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. Hector M. Martin-Andrade appeals a judgment convicting him of first-degree sexual assault of a child. He also appeals an order denying his motion for postconviction relief. Martin-Andrade argues: (1) the circuit court erred when it denied his third motion to adjourn the trial; (2) the circuit court erred when it permitted the State's expert witness to testify beyond the scope of the summary she provided prior to trial; (3) it was plain error for the prosecutor to argue in closing that the victim lost her sexual innocence at the hands of the defendant; and (4) the circuit court erred when it denied his ineffective assistance of counsel claim without a hearing. We affirm.

¶2    Martin-Andrade was charged with first-degree sexual assault of a child under the age of twelve for assaults that occurred when the victim was eight years old. A jury found Martin-Andrade guilty of the offense. He was sentenced to twenty-five years of initial confinement and fifteen years of extended supervision. Martin-Andrade filed a postconviction motion. The postconviction court denied the motion without holding a hearing.

¶3    Martin-Andrade first argues that the circuit court erred when it denied his third motion to adjourn made the first day of trial. He moved to adjourn because: (1) he did not receive State expert Amanda Didier's curriculum vitae until several days before trial; and (2) he had not received the notes and drawings created during Didier's forensic interview with the victim, which

Martin-Andrade said he needed to determine if an expert defense witness or a *Daubert*[2] hearing would be necessary.

¶4      The decision whether to grant a motion to adjourn is committed to the circuit court's discretion.  *State v. Echols*, 175 Wis. 2d 653, 680, 499 N.W.2d 631 (1993).  We will affirm the circuit court's exercise of discretion "unless it can be said that no reasonable judge, acting on the same facts and underlying law, could reach the same conclusion."  *State v. Jeske*, 197 Wis. 2d 905, 913, 541 N.W.2d 225 (Ct. App. 1995).

¶5      Martin-Andrade was well aware that the State intended to call Didier as a witness because she conducted the forensic interview with the child and the State moved to admit her expert testimony *eight months* before trial.  The circuit court reasonably pointed out that Didier's testimony was not a surprise and, if Martin-Andrade had an issue with the witness—such as not having her credentials—he should have said so at the final pretrial conference three weeks before the trial.  As for Didier's notes and drawings, the circuit court clarified that they had been turned over to the defense as of the time of trial and were "basically … a different iteration of what was presented in the forensic interview [that the defense had been previously given] … [including] the illustration that was narrated [in the interview]."  The circuit court told Martin-Andrade that it would hold a *Daubert* hearing if he wanted one.  In sum, then, the circuit court addressed each of Martin-Andrade's reasons for making the motion, explained why the reasons were not adequate, and decided to deny the motion, the third made by the defense, because the case was filed almost a year prior and involved a child

---

[2] *Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579 (1993).

victim. The circuit court's decision was based on the facts of the case and the applicable legal standards. We conclude the circuit court properly exercised its discretion.[3]

¶6    Martin-Andrade next argues that the circuit court erroneously exercised its discretion when it permitted Didier to testify beyond the scope of the subject matter summary she provided before trial. Martin-Andrade contends that Didier's testimony should have been limited to information about delayed reporting by child victims. He argues that Didier should not have been allowed to testify about the fact that child victims of sexual assault often disclose information about the crime in a piecemeal fashion and may delay reporting because the perpetrator coaches them to influence their disclosure. We reject this argument.

¶7    Pursuant to WIS. STAT. § 971.23(1)(e) (2017-18),[4] the prosecutor was required to provide the defense with a written summary of the subject matter of Didier's testimony. The prosecutor informed the defense that Didier's expert testimony would include "her knowledge, training and experience regarding behavior of child victims and the commonality of delayed reporting, especially with children and with a known suspect."

---

[3] Martin-Andrade asserts that his constitutional rights under the Fifth Amendment, Sixth Amendment, and Fourteenth Amendment to the United States Constitution were violated by the circuit court's decision denying the motion to adjourn and other evidentiary rulings. Martin-Andrade asserted this claim but did not argue it in his postconviction motion. The circuit court did not address the argument. We, too, decline to address the issue, which appears meritless based on our review of the briefs. *See State v. Johnson*, 184 Wis. 2d 324, 344-45, 516 N.W.2d 463 (Ct. App. 1994) (an issue raised in the circuit court but not argued is deemed abandoned).

[4] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

¶8     We conclude that Didier's testimony did not exceed the scope of the subject matter summary she provided before trial. Information about the manner in which child victims disclose their victimization is part and parcel of the issue of the behavior of child victims and delayed reporting. Didier's testimony that victims often disclose what happened to them in a piecemeal fashion and are often coached by perpetrators not to disclose *was* testimony about how child victims behave and belatedly report crimes against them. Therefore, Martin-Andrade's claim that the circuit court erroneously exercised its discretion in allowing the testimony is unavailing.

¶9     Martin-Andrade next argues that the prosecutor committed plain error when he argued in closing about the victim's lost sexual innocence and made "repeated references to the … victim's lost virginity at the hand of the defendant."

¶10    "[C]ounsel should be allowed considerable latitude in closing argument…." ***State v. Wolff***, 171 Wis. 2d 161, 167, 491 N.W.2d 498. "The test to be applied when a prosecutor is charged with misconduct for remarks made in argument to the jury is whether those remarks 'so infect the trial with unfairness as to make the resulting conviction a denial of due process.'" ***Id.*** "The plain error doctrine allows appellate courts to review errors that were otherwise waived by a party's failure to object." ***State v. Jorgensen***, 2008 WI 60, ¶21, 310 Wis. 2d 138, 754 N.W.2d 77. A "plain error" is a substantial error that is "so fundamental that a new trial or other relief must be granted even though the action was not objected to at the time." ***Id.*** (citations omitted).

¶11    Despite Martin-Andrade's assertion to the contrary, the prosecutor never directly referred to the victim's loss of hervirginity or her loss of her sexual innocence. The prosecutor did not use the words "virgin," "virginity," or the

phrase "sexual innocence" during closing argument. And the prosecutor's comments that the victim lost her *innocence* to Martin-Andrade were acceptable in the context of closing argument. The prosecutor was referring to the eight-year-old victim's loss of innocence due to the crime and its fallout. He was not referring to the victim's virginity or innocence in a sexual context. Moreover, the jury was told that closing arguments were not evidence. We therefore reject Martin-Andrade's argument that the prosecutor committed plain error during closing argument.

¶12    Finally, Martin-Andrade argues that the postconviction court erred in denying his postconviction motion alleging ineffective assistance of trial counsel without holding a hearing. Martin-Andrade argued that his trial counsel: (1) failed to object to the State's failure to submit a witness list and move to exclude the State's witnesses; (2) failed to seek the exclusion of Didier's testimony and the victim's testimony on the ground that the State failed to provide their written or recorded statements within a reasonable time before trial; (3) failed to move to exclude Didier's testimony on subjects not set forth in her subject matter summary; and (4) failed to object to the prosecutor's claims that the victim lost her innocence at the hands of the defendant.

¶13    A defendant is entitled to an evidentiary hearing on a claim of ineffective assistance of trial counsel if the defendant alleges facts that, if true, establish both that counsel performed deficiently and that the defendant was actually prejudiced by counsel's deficient performance. *State v. Bentley*, 201 Wis. 2d 303, 311-12, 548 N.W.2d 50 (1996); *Strickland v. Washington*, 466 U.S. 668, 687 (1984). If the motion "presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief," the decision

whether to hold a hearing is committed to the circuit court's discretion. *State v. Balliette*, 2011 WI 79, ¶18, 336 Wis. 2d 358, 805 N.W.2d 334 (citation omitted).

¶14 Martin-Andrade acknowledges in his reply brief that trial counsel adequately objected to the tardy discovery and allegedly inadequate expert summary, and Martin-Andrade therefore concedes that this court need not address his ineffective assistance of counsel claims related to these issues. As for the last two claims, we have rejected these arguments on the merits. Counsel did not render ineffective assistance by failing to raise meritless issues. *See State v. Golden*, 185 Wis. 2d 763, 771, 519 N.W.2d 659 (Ct. App. 1994). Therefore, the postconviction court properly exercised its discretion in denying Martin-Andrade's motion without a hearing.

*By the Court*.—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.