COURT OF APPEALS
DECISION
DATED AND FILED

May 21, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP2539-CR**

Cir. Ct. No. 2022CF438

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

---

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

DOMINIQUE M. BOYLAND,

    DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for La Crosse County: RAMONA A. GONZALEZ, Judge. *Affirmed*.

Before Graham, P.J., Nashold, and Taylor, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Dominique Boyland appeals a judgment of conviction, entered upon his no-contest pleas, and an order denying his

postconviction motion for plea withdrawal. Boyland argues that he is entitled to plea withdrawal for two reasons: alleged breaches of the plea agreement and a claim of ineffective assistance of trial counsel. We reject these arguments and affirm the judgment and order.

## BACKGROUND

¶2 Boyland, a prisoner, was charged with ten criminal counts stemming from his alleged assault of corrections officers and damage to property. Boyland had nine other criminal and traffic cases pending at the time. Pursuant to a global plea deal, Boyland agreed to plead guilty or no contest to all ten counts in this case. The State agreed to dismiss and read in all counts in the other nine cases. The plea agreement provided that the sentencing court could consider the read-in counts, and Boyland "may expect a read-in charge to enhance" the sentence. The plea agreement further provided:

> The State will request a PSI [(pre-sentence investigation report)] and agrees to be bound by its recommendation for the nature and length of the defendant's sentence UNLESS new criminal charges are filed against the defendant prior to the sentencing hearing for these matters.
>
> If new criminal charges are filed against Mr. Boyland prior to the sentencing hearing for these matters, the State reserves the right to revoke its agreement to be constrained by the recommendation of the PSI. In that case, the defendant understands that the State is not bound to make any sentencing recommendations to the court under this statement as to negotiated plea and State is free to argue to the court for any sentence consistent with the total possible sentence that the court may impose.

¶3 The circuit court held a plea hearing at which Boyland entered no-contest pleas to the ten counts in this case. The court conducted an on-the-record colloquy to ensure that Boyland was knowingly, intelligently, and voluntarily

2

entering his pleas. The court also explained what it meant for the dismissed charges to be "read in" at sentencing. The court accepted Boyland's pleas, found him guilty of the ten criminal counts, and directed the state department of corrections to prepare a PSI. Once prepared, the PSI recommended that the court impose a global sentence of five years and six months of initial confinement and four years of extended supervision.

¶4      After the plea hearing and the filing of the PSI, but before sentencing, Boyland was charged with new counts of assault by prisoner and criminal damage to property in La Crosse County Circuit Court Case No. 2022CF890. In light of the new charges, the State argued at the sentencing hearing in the instant case for the maximum allowable sentences, totaling eighteen years of initial confinement and five years of extended supervision. Boyland's counsel argued for probation, asserting that Boyland had serious mental health issues and rehabilitative needs. The circuit court imposed a global sentence of fourteen and a half years of initial confinement and three years of extended supervision.

¶5      Boyland filed a postconviction motion for plea withdrawal, arguing that the State breached the plea agreement by departing from the sentence recommendations in the PSI and instead seeking maximum sentences. Alternatively, Boyland argued that his trial counsel rendered constitutionally ineffective assistance of counsel. The circuit court denied the postconviction motion after an evidentiary hearing. Boyland appeals.

## DISCUSSION

¶6      Boyland argues that the circuit court erred when it denied his postconviction motion for plea withdrawal. A defendant seeking plea withdrawal after sentencing must show, by clear and convincing evidence, that denial of the

request would result in a manifest injustice. *State v. Smith*, 202 Wis. 2d 21, 25, 549 N.W.2d 232 (1996). A material and substantial breach of a plea agreement amounts to a manifest injustice. *State v. Bangert*, 131 Wis. 2d 246, 289, 389 N.W.2d 12 (1986). On appeal, Boyland argues that the State breached the plea agreement in two ways. First, Boyland argues that the State breached the agreement when it recommended sentences longer than what was recommended in the PSI. Second, Boyland argues that a breach occurred when the State requested at the sentencing hearing that the court consider, for sentencing purposes, new charges in Case No. 2022CF890 that were dismissed but read in. For the reasons stated below, we reject both of these arguments.

¶7    Boyland argues that, when the State recommended that the circuit court impose maximum allowable sentences instead of the sentences recommended in the PSI, the State substantially breached the plea agreement. This argument fails because, as noted above, the plea agreement explicitly provided that the State would be bound by the sentencing recommendations in the PSI unless new criminal charges were filed against Boyland prior to sentencing, in which case the State would be free to argue for sentences consistent with the law. Boyland personally signed the plea agreement, acknowledging its terms. After new criminal charges were filed against Boyland in Case No. 2022CF890 prior to the sentencing in this case, the terms of the plea agreement permitted the State to argue for longer sentences than what was recommended in the PSI, and the State did so. The State did not breach the plea agreement when it argued that the court should impose maximum sentences.

¶8    Boyland also argues that the State breached the plea agreement when the prosecutor requested at the sentencing hearing that the new criminal charges in Case No. 2022CF890 be read in and considered for sentencing purposes. Boyland

asserts that disposition of the new charges was not covered as part of the plea agreement, that he never agreed for those charges to be read in, and that he did not know the charges could be read in at sentencing. We agree that disposition of the criminal charges in Case No. 2022CF890 was not covered by the plea agreement, since Case No. 2022CF890 had not been filed at the time Boyland signed the agreement or when he entered his pleas. Because the plea agreement did not contain any terms pertaining to Case No. 2022CF890, the State did not breach the plea agreement when it requested that the charges in that new case be read in at sentencing. In addition, the record contradicts Boyland's assertion that he did not know the charges in Case No. 2022CF890 could be considered at sentencing in the present case. At his initial appearance in Case No. 2022CF890, which occurred a week before Boyland's sentencing hearing in this case, Boyland stated on the record that Case No. 2022CF890 "was going to be rolled into my current charges, which was gonna be determined at sentencing" in the next week.

¶9    To the extent Boyland argues that he was not aware that *any* read-in charges could be considered for sentencing purposes, Boyland confirmed both in the plea agreement and during the in-person plea colloquy that he understood the circuit court could consider, as read-ins, the charges being dismissed in the nine other cases referenced in the plea agreement. The plea agreement explicitly states, "The defendant may expect a read-in charge to enhance a sentence that would be imposed without such read-in." Similarly, during the plea colloquy, the court asked Boyland personally if he knew what "dismiss and read in" meant. Boyland responded, "Um, that the information from the other cases could be considered to kind of entail more about my criminality …." The court then interjected to clarify and explain that the dismissed cases would not result in any convictions, but that the

5

facts of those cases could be considered at sentencing. Following the explanation, the court asked, "Okay?" Boyland confirmed, "Yes, ma'am."

¶10 Boyland further argues that his trial counsel rendered ineffective assistance of counsel when counsel failed to object to the alleged breach of the plea agreement by the State. Because we have concluded that the State did not breach the plea agreement, we also conclude that trial counsel was not ineffective for failing to raise an objection on the basis of an alleged breach. *See **State v. Golden***, 185 Wis. 2d 763, 771, 519 N.W.2d 659 (Ct. App. 1994) (no ineffective assistance of counsel for failing to object to meritless claims).

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2023-24).